UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

SANDRA KAHENY,
A Florida citizen,

       Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD., a
Liberian Corporation,

       Defendant.

_____/

## **COMPLAINT**

Plaintiff, SANDRA KAHENY, a citizen and resident of the State of Florida, sues Defendant, ROYAL CARIBBEAN CRUISES LTD., (RCL) a Liberian corporation with its principal place of business in Florida, and alleges:

## **JURISDICTION, VENUE AND PARTIES**

1.    This is an action for damages in an amount exceeding seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

2.    The Plaintiff is sui juris and is a resident and citizen of the State of Florida.

3.    The Defendant ROYAL CARIBBEAN CRUISES LTD. (RCL), is a Liberian corporation with its principal place of business in Miami, Miami-Dade County, Florida.

4.    Subject matter jurisdiction exists pursuant to **28 U.S.C. §1333** and ***Fed R. Civ. P. 9 (h)(1)*** based on admiralty jurisdiction.  As explained below, the events giving rise to Plaintiff's cause of action occurred on navigable waters, specifically the high seas, and had a connection to

Kaheny v. RCL
Case No.:

traditional maritime activity, the operation of a passenger cruise vessel on navigable waters. The claim is for an amount exceeding $75,000.00.

5.      At all material times, the Defendant RCL has had its principal place of business in Miami, Miami-Dade County, Florida, in this district, and has accordingly conducted substantial, ongoing activities in Miami-Dade County, so that general in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6.      The voyage on which the Plaintiff was injured as explained below both began and ended in a port in the United States of America and in this district.

7.      In the operative ticket contract, the Defendant RCL requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Thus, venue is proper in this Court.

8.      Venue is also proper in this district because RCL's principal place of business is located within this district.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

9.      At all material times, the Defendant RCL has engaged in the business of operating for profit passenger cruise vessels, and has operated for that purpose, among other vessels, the M/S "OASIS OF THE SEAS."

10.     At all material times, including the period from November 18, 2018 through November 25, 2018, the Plaintiff was a fare paying passenger of RCL on board the OASIS OF THE SEAS and hence was both lawfully on board the vessel and subject to the lawful directions of RCL's officers and crew on board the "OASIS OF THE SEAS."

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Kaheny v. RCL
Case No.:

11.    While a passenger onboard the "OASIS OF THE SEAS, the Plaintiff suffered from abdominal pain and constipation.  She reported to the ship's medical center on November 24, 2018.    The Plaintiff was seen by several nurses and a physician. The doctor noted the Plaintiff was: in acute distress due to pain, dehydrated, tachycardia with weak thready pulse, her bowel sounds were hypoactive, had general abdominal distention-firm globally and had a general tenderness globally. The doctor's diagnosis was constipation.    The doctor's notes reflect: emergent admission to ICU; cannot rule out bowel obstruction; AXR (abdominal x-rays)-not great quality-show air fluid level, with fecal loading.  The Plaintiff blood tests showed C-reactive protein (CRP), an elevated white blood count with increased granulocytes, hyponatremia, hypochloremia and a deranged renal function.    Medical center staff administered extended enemas to the Plaintiff.  The patient was discharged back to her room in a wheelchair but not kept in the OASIS Medical ICU for monitoring.  The Plaintiff was given no documents on discharge and was told to see her primary care physician after she returned home when the ship docked on November 25th 2018.

12.    On November 25th 2018, the Plaintiff disembarked upon the vessel's scheduled return to port.  She drove to her home town, a drive of several hours from the disembarkation port, and was seen by her primary care physician as directed, who referred her for emergency treatment.  She was diagnosed by her home town physicians with diverticulitis, intestinal perforation, feculent peritonitis and septic shock, requiring her to undergo emergency abdominal surgery and colon resection with a resulting stoma, colostomy and significant scaring and disfigurement.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Kaheny v. RCL
Case No.:

13.     Plaintiff has complied with all conditions precedent to this action including providing the Defendant, RCL with a timely written notice of the claim.

**COUNT I –**
**MEDICAL NEGLIGENCE OF MEDICAL**
**CREW - NEGLIGENT FAILURE TO DIAGNOSE - ACTUAL AUTHORITY**

14.     The Plaintiff adopts, re-alleges and incorporates by reference all allegations of Paragraphs 1 through 13 above and further alleges the following matters

15.     At all material times, Defendant RCL owned and operated a medical center onboard its passenger cruise vessel, the OASIS OF THE SEAS, which was open for use both by crewmembers and passengers on board the OASIS OF THE SEAS.

16.     At all material times, crewmembers of the Defendant RCL posted to and working in the medical center on board the OASIS OF THE SEAS were employees or actual agents of RCL, acting in the course and scope of their employment or agency and in furtherance of the business operations of RCL on the OASIS OF THE SEAS.

17.     At all material times, crewmembers providing medical services in the medical center onboard the OASIS OF THE SEAS were employees or agents of RCL and members of the crew of the OASIS OF THE SEAS, subject to the orders and discipline of the vessel's captain and officers, and also subject to supervision and control by RCL.

18.     At all material times, crewmembers providing medical services in the medical center onboard the OASIS OF THE SEAS were employed by RCL pursuant to written contracts prepared by or on behalf of RCL.  Accordingly RCL represented to its medical crewmembers that they would act on behalf of RCL and they accepted this undertaking.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Kaheny v. RCL
Case No.:

19.     At all material times, crewmembers providing medical services in the medical center onboard the OASIS OF THE SEAS were paid wages or salaries by RCL for their work in the medical center onboard the OASIS OF THE SEAS.

20.     At all material times, RCL made the decisions determining credentials and qualifications for staffing of its medical center, provided and paid to provide all medical equipment, pharmaceuticals, materials and supplies used in the operation of the medical center; determined the hours of operation of the medical center, and determined the number of physicians, nurses, and supporting staff for the medical center.  RCL also charged fees for medical equipment which it set, billed for, collected fees, and did not share fees with any medical center physician.

21.     At all material times, RCL had the right to hire and fire medical personnel and crewmembers onboard the OASIS OF THE SEAS.

22.     At all material times, Defendant RCL was vicariously liable for the acts and omissions of the crewmembers posted to and working in the medical center on board the OASIS OF THE SEAS, since they were employees or agents of RCL and their material actions were undertaken in furtherance of the business of the vessel, in particular the provision of medical diagnosis and treatment to RCL passengers on board the OASIS OF THE SEAS.

23.     During the Plaintiff's cruise, RCL owed her, as a paying passenger on its cruise vessel, a duty of reasonable care, including onboard medical care and emergency medical care provided at the prevailing medical standards of care.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Kaheny v. RCL
Case No.:

24.     At all material times RCL, acting vicariously through its medical staff, officers and crew, owed the duty to the Plaintiff to timely and properly triage, examine, and diagnose Plaintiff's medical condition in keeping with the applicable standards of medical care.

25.     RCL, acting vicariously through its medical staff, officers and crew, failed to comply with applicable standards of medical care and  thereby breached its duty of care to the Plaintiff with respect to diagnosis by failing to timely and properly triage, examine, and diagnose the Plaintiff.  The specific failures with regard to failure to diagnose adequately the Plaintiff's condition included:

a)     Failing to take a full and complete history of the Plaintiff;

b)     Failing to perform a thorough physical examination of the Plaintiff;

c)     Failing to perform timely tests and studies to determine the nature of Plaintiff's condition and identify appropriate and contraindicated treatments;

d)     Failing to serially monitor essential vital signs, blood work, and other abnormal findings in order to access whether the Plaintiff's condition was improving or worsening;

e)     Failing to take serial and repeat blood studies, abdominal x-rays, and other indicated diagnostic studies and tests;

f)     Failing to appreciate the grave nature of the Plaintiff's medical condition and take appropriate steps to immediately get her to a medical facility equipped with the personnel and facilities to treat her emergent medical condition; and

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Kaheny v. RCL
Case No.:

   g)  Failing to call in consults with any other onboard physicians or utilize the ship's facilities and capabilities to transmit the doctor's findings and x-ray images to onshore experts for further consultation.

  26. As a direct and proximate result of the Defendant's negligence and breaches of applicable standards of care regarding diagnosis as alleged above, the onboard medical personnel in the medical center on the OASIS OF THE SEAS failed properly to diagnose Plaintiff's condition and hence failed either to administer effective treatment or to arrange for her timely evacuation to a land based medical facility equipped to monitor and treat her condition.  As a proximate result, the Plaintiff's condition deteriorated and when she was finally admitted to a shore-side hospital a day after her visit to the ship's medical center she was in septic shock, had a perforated diverticulum and feculent peritonitis requiring her to undergo emergency abdominal surgery with a resulting stoma, colostomy and significant scarring and disfigurement.

  27. As a direct and proximate result of the Defendant's negligence and breaches of the standard of care as described above, the Plaintiff was injured in and about her body and extremities, suffered pain and mental anguish, permanent scarring and disfigurement therefrom, incurred past and future medical and related expenses in the treatment of her injuries, sustained disability and physical impairment, aggravation or activation of preexisting injuries, and suffered shame, humiliation, and the loss of capacity to enjoy life.  These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain these damages in the future.

  **WHEREFORE**, the Plaintiff demands judgment against the Defendant RCL for damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Kaheny v. RCL
Case No.:

## COUNT II –
## MEDICAL NEGLIGENCE OF MEDICAL
## CREW - NEGLIGENT FAILURE TO DIAGNOSE -APPARENT AUTHORITY

28.     The Plaintiff adopts, re-alleges and incorporates by reference all allegations of Paragraphs 1 through 13 above and further alleges the following matters.

29.     At all material times, Defendant RCL owned and operated a medical center onboard its passenger cruise vessel, the OASIS OF THE SEAS, which was open for use both by crewmembers and passengers on board the OASIS OF THE SEAS.

30.     At all material times, the medical personnel serving onboard the OASIS OF THE SEAS were required by RCL to and did wear uniforms identifying themselves as RCL crewmembers and employees.

31.     At all material times, RCL represented to passengers, through its promotional literature and otherwise, that crewmembers providing medical services in the medical center onboard the OASIS OF THE SEAS were employees or agents of RCL acting on behalf of RCL when providing medical services to passengers.

32.     At all material times, the Plaintiff relied on the express and implied representations of RCL as referenced above, including RCL literature and websites describing the medical center onboard the OASIS OF THE SEAS and the uniforms identifying medical personnel as crewmembers RCL required onboard medical personnel to wear.  In reliance on these express and implied representations by RCL, the Plaintiff reported to the ship's medical center for examination and treatment as described in Paragraph 11 above.

33.     At all material times crewmembers providing medical services in the medical center onboard the OASIS OF THE SEAS were apparent agents of RCL for the reasons

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Kaheny v. RCL
Case No.:

explained above, acting in the course and scope of their apparent agency, and RCL was accordingly vicariously liable for their material tortious acts or omissions.

34.    During the Plaintiff's cruise, the staff of RCL's medical center, for whose acts or omissions RCL was vicariously liable as their apparent principal, owed her, as a paying passenger on the cruise vessel, a duty of reasonable care, including onboard medical care and emergency medical care provided at the prevailing medical  standards  of care.

35.    At all material times the staff of RCL's medical center, for whose acts or omissions RCL was vicariously liable as their apparent principal, owed the duty to the Plaintiff to timely and properly triage, examine, diagnose, treat, instruct, medicate, monitor and provide follow-up treatment to the Plaintiff in keeping with the applicable standards of medical care.

36.    At all material times the staff of RCL's medical center, for whose acts or omissions RCL was vicariously liable as their apparent principal, failed to comply with applicable standards of medical care and  thereby breached their duty of care to the Plaintiff with respect to diagnosis by failing to timely and properly triage, examine, and diagnose the Plaintiff. The specific failures with regard to failure to diagnose adequately the Plaintiff's condition included:

      a)    Failing to take a full and complete history of the Plaintiff;

      b)    Failing to perform a thorough physical examination of the Plaintiff;

      c)    Failing to perform timely tests and studies to determine the nature of Plaintiff's condition and identify appropriate and contraindicated treatments;

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Kaheny v. RCL
Case No.:

     d)     Failing to serially monitor essential vital signs, blood work, and other abnormal findings in order to access whether the Plaintiff's condition was improving or worsening;

     e)     Failing to take serial and repeat blood studies, abdominal x-rays, and other indicated diagnostic studies and tests;

     f)     Failing to appreciate the grave nature of the Plaintiff's medical condition and take appropriate steps to immediately get her to a medical facility equipped with the personnel and facilities to treat her emergent medical condition; and

     g)     Failing to call in consults with any other onboard physicians or utilize the ship's facilities and capabilities to transmit the doctor's findings and x-ray images to onshore experts for further consultation.

37.     As a direct and proximate result of the negligence and breaches of applicable standards of care regarding diagnosis as alleged above, for which RCL was vicariously liable as apparent principal of the onboard medical personnel in the medical center on the OASIS OF THE SEAS, the onboard medical personnel failed properly to diagnose Plaintiff's condition and hence failed either to administer effective treatment or to arrange for her timely evacuation to a land based medical facility equipped to monitor and treat her condition.  As a proximate result, the Plaintiff's condition deteriorated and when she was finally admitted to a shore-side hospital a day after her visit to the ship's medical center she was in septic shock, had a perforated diverticulum and feculent peritonitis requiring her to undergo emergency abdominal surgery with a resulting stoma, colostomy and significant scarring and disfigurement.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Kaheny v. RCL
Case No.:

38.     As a direct and proximate result of the negligence of the staff of RCL's medical center set forth above, for whose acts or omissions RCL was vicariously liable as their apparent principal, the Plaintiff was injured in and about her body and extremities, suffered pain and mental anguish, permanent scarring and disfigurement therefrom, incurred past and future medical and related expenses in the treatment of her injuries, sustained disability and physical impairment, aggravation or activation of preexisting injuries, and  suffered shame, humiliation, and the loss of capacity to enjoy life.  These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain these damages in the future.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant RCL for damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

### COUNT III – 
### MEDICAL NEGLIGENCE OF MEDICAL 
### CREW - FAILURE TO TREAT-ACTUAL AUTHORITY

39.     The Plaintiff adopts, re-alleges and incorporates by reference all allegations of Paragraphs 1 through 13 above and further alleges the following matters.

40.     At all material times, Defendant RCL owned and operated a medical center onboard its passenger cruise vessel, the OASIS OF THE SEAS, which was open for use both by crewmembers and passengers on board the OASIS OF THE SEAS.

41.     At all material times, crewmembers of the Defendant RCL posted to and working in the medical center on board the OASIS OF THE SEAS were employees or actual agents of RCL, acting in the course and scope of their employment or agency and in furtherance of the business operations of RCL on the OASIS OF THE SEAS.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Kaheny v. RCL
Case No.:

42.     At all material times, crewmembers providing medical services in the medical center onboard the OASIS OF THE SEAS were employees or agents of RCL and members of the crew of the OASIS OF THE SEAS, subject to the orders and discipline of the vessel's captain and officers, and also subject to supervision and control by RCL.

43.     At all material times, crewmembers providing medical services in the medical center onboard the OASIS OF THE SEAS were employed by RCL pursuant to written contracts prepared by or on behalf of RCL.  Accordingly RCL represented to its medical crewmembers that they would act on behalf of RCL and they accepted this undertaking.

44.     At all material times, crewmembers providing medical services in the medical center onboard the OASIS OF THE SEAS were paid wages or salaries by RCL for their work in the medical center onboard the OASIS OF THE SEAS.

45.     At all material times, RCL made the decisions determining credentials and qualifications for staffing of its medical center, provided and paid to provide all medical equipment, pharmaceuticals, materials and supplies used in the operation of the medical center; determined the hours of operation of the medical center, and determined the number of physicians, nurses, and supporting staff for the medical center.  RCL also charged fees for medical equipment which it set, billed for, collected fees, and did not share fees with any medical center physician.

46.     At all material times, RCL had the right to hire and fire medical personnel and crewmembers onboard the OASIS OF THE SEAS.

47.     At all material times, Defendant RCL was vicariously liable for the acts and omissions of the crewmembers posted to and working in the medical center on board the OASIS

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Kaheny v. RCL
Case No.:

OF THE SEAS, since they were employees or agents of RCL and their material actions were undertaken in furtherance of the business of the vessel, in particular the provision of medical diagnosis and treatment to RCL passengers on board the OASIS OF THE SEAS.

48.     During the Plaintiff's cruise, RCL owed her, as a paying passenger on its cruise vessel, a duty of reasonable care, including onboard medical care and emergency medical care provided at the prevailing medical standards of care.

49.     At all material times RCL, acting vicariously through its medical staff, officers and crew, owed the duty to the Plaintiff to timely and properly triage, examine, diagnose, treat, instruct, medicate, monitor and provide follow-up treatment to the Plaintiff in keeping with the applicable standards of medical care.

50.     RCL, acting vicariously through its medical staff, officers and crew, failed to comply with applicable standards of medical care and thereby breached its duty of care to the Plaintiff by failing to timely and properly treat, instruct, medicate, monitor and provide follow-up treatment to the Plaintiff in keeping with the prevailing standard of medical care for this and other similar communities, more specifically:

    a)      Failing to proscribe an appropriate antibiotic regime for the Plaintiff's condition;

    b)      Failing to perform proper enemas by using improper or contraindicated equipment in performing enemas;

    c)      Failing to use proper technique in administering enemas to the Plaintiff;

    d)      Failing to use proper equipment in administering enemas to the Plaintiff;

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Kaheny v. RCL
Case No.:

    e)      Administering enemas to the Plaintiff when contraindicated;

    f)      Failing to give any written and oral instructions for follow up care or furnish the Plaintiff with a copy of her own records from the ship to present to the next caregiver;

    g)      Failing to appreciate the grave nature of the Plaintiff's medical condition and take appropriate steps to immediately get her to a medical facility equipped with the personnel and facilities to treat her emergent medical condition; and

51.    As a direct and proximate result of the Defendant's negligence and breaches of applicable standards of care regarding treatment as alleged above, the Plaintiff's condition deteriorated and when she was finally admitted to a shore-side hospital a day after her visit to the ship's medical center she was in septic shock, had a perforated diverticulum and feculent peritonitis requiring her to undergo emergency abdominal surgery with a resulting stoma, colostomy and significant scarring and disfigurement.

52.    As a direct and proximate result of the Defendant's negligence and breaches of the standard of care as described above, the Plaintiff was injured in and about her body and extremities, suffered pain and mental anguish, permanent scarring and disfigurement therefrom, incurred past and future medical and related expenses in the treatment of her injuries, sustained disability and physical impairment, aggravation or activation of preexisting injuries, and suffered shame, humiliation, and the loss of capacity to enjoy life.  These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain these damages in the future.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Kaheny v. RCL
Case No.:

**WHEREFORE**, the Plaintiff demands judgment against the Defendant RCL for damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT IV –
## MEDICAL NEGLIGENCE OF MEDICAL
## CREW - FAILURE TO TREAT - APPARENT AUTHORITY

53.    The Plaintiff adopts, re-alleges and incorporates by reference all allegations of Paragraphs 1 through 13 above and further alleges the following matters.

54.    At all material times, Defendant RCL owned and operated a medical center onboard its passenger cruise vessel, the OASIS OF THE SEAS, which was open for use both by crewmembers and passengers on board the OASIS OF THE SEAS.

55.    At all material times, the medical personnel serving onboard the OASIS OF THE SEAS were required by RCL to and did wear uniforms identifying themselves as RCL crewmembers and employees.

56.    At all material times, RCL represented to passengers, through its promotional literature and otherwise, that crewmembers providing medical services in the medical center onboard the OASIS OF THE SEAS were employees or agents of RCL acting on behalf of RCL when providing medical services to passengers.

57.    At all material times, the Plaintiff relied on the express and implied representations of RCL as referenced above, including RCL literature and websites describing the medical center onboard the OASIS OF THE SEAS and the uniforms identifying medical personnel as crewmembers RCL required onboard medical personnel to wear.  In reliance on

15 of 18

Kaheny v. RCL
Case No.:

these express and implied representations by RCL, the Plaintiff reported to the ship's medical center for examination and treatment as described in Paragraph 11 above.

58.   At all material times crewmembers providing medical services in the medical center onboard the OASIS OF THE SEAS were apparent agents of RCL for the reasons explained above, acting in the course and scope of their apparent agency, and RCL was accordingly vicariously liable for their material tortious acts or omissions.

59.   During the Plaintiff's cruise, the staff of RCL's medical center, for whose acts or omissions RCL was vicariously liable as their apparent principal, owed her, as a paying passenger on the cruise vessel, a duty of reasonable care, including onboard medical care and emergency medical care provided at the prevailing medical  standards  of care.

60.   At all material times the staff of RCL's medical center, for whose acts or omissions RCL was vicariously liable as their apparent principal, owed the duty to the Plaintiff to timely and properly treat, instruct, medicate, monitor and provide follow-up treatment to the Plaintiff in keeping with the applicable standards of medical care.

61.   At all material times the staff of RCL's medical center, for whose acts or omissions RCL was vicariously liable as their apparent principal, failed to comply with applicable standards of medical care and  thereby breached their duty of care to the Plaintiff by failing to timely and properly treat, instruct, medicate, monitor and provide follow-up treatment to the Plaintiff in keeping with the prevailing standard of medical care for this and other similar communities, more specifically:

a)   Failing to proscribe an appropriate antibiotic regime for the Plaintiff's condition;

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

Kaheny v. RCL
Case No.:

     b)     Failing to perform proper enemas by using improper or contraindicated equipment in performing enemas;

     c)     Failing to use proper technique in administering enemas to the Plaintiff;

     d)     Failing to use proper equipment in administering enemas to the Plaintiff;

     e)     Administering enemas to the Plaintiff when contraindicated;

     f)     Failing to give any written and oral instructions for follow up care or furnish the Plaintiff with a copy of her own records from the ship to present to the next caregiver;

     g)     Failing to appreciate the grave nature of the Plaintiff's medical condition and take appropriate steps to immediately get her to a medical facility equipped with the personnel and facilities to treat her emergent medical condition; and

62.     As a direct and proximate result of the negligence of the staff of RCL's medical center as set forth above, for whose acts or omissions RCL was vicariously liable as their apparent principal, the Plaintiff's condition deteriorated and when she was finally admitted to a shore-side hospital a day after her visit to the ship's medical center she was in septic shock, had a perforated diverticulum and feculent peritonitis requiring her to undergo emergency abdominal surgery with a resulting stoma, colostomy and significant scaring and disfigurement.

63.     As a direct and proximate result of the negligence of the staff of RCL's medical center set forth above, for whose acts or omissions RCL was vicariously liable as their apparent principal, the Plaintiff was injured in and about her body and extremities, suffered pain and mental anguish, permanent scarring and disfigurement therefrom, incurred past and future

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Kaheny v. RCL
Case No.:

medical and related expenses in the treatment of her injuries, sustained disability and physical impairment, aggravation or activation of preexisting injuries, and  suffered shame, humiliation, and the loss of capacity to enjoy life.  These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain these damages in the future.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant RCL for damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

Executed this 24th day of January, 2020.

Respectfully submitted,

**<u>s/PHILIP M. GERSON</u>**
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
mmurphy@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
filing@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
RAUL G. DELGADO II
Florida Bar No. 094004
rdelgado@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:     (305) 371-6000
Facsimile:     (305) 371-5749

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com